## IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

EVELYN CARLTON,  )
    Plaintiff,  )
v.  )  Case No. 1-167-15
      )  Jury Demanded
KARM THRIFT STORES, LLC,  )
    Defendant.  )

FILED 2015 MAR 30 PM 1 56
CATHERINE F. QUIST
CIRCUIT COURT CLERK

---

## SUMMONS

## SUMMONS IN A CIVIL ACTION

To:    Karm Thrift Stores, LLC
c/o Burt Rosen
418 N. Broadway St.
Knoxville, TN 37917

YOU ARE HEREBY SUMMONED and required to serve upon plaintiff's attorney:

Richard E. Collins
Jonathan W. Doolan
COLLINS & DOOLAN, PLLC
422 South Gay Street, Suite 301
Knoxville, TN 37902              Telephone: (865) 247-0434

an answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. You will file the original with the Court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this 30 day of March, 2014.

Catherine F. Shanks
Clerk

K. Lee
Deputy Clerk

(This summons is issued pursuant to Rule 4, Tennessee Rules of Civil Procedure.)

## NOTICE

To the defendant(s):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## RETURN

I received this summons on the _____ day of _____, 20____.

I hereby certify and return that on the _____ day of _____, 20____, I:

[ ] served this summons and a complaint or defendant
_____ in the following manner:
_____
_____.

[ ] failed to serve this summons within 30 days after its issuance because:
_____
_____

_____
Process Server

2

EVELYN CARLTON )
       Plaintiff, )
)
v. )   Case No. 1-167-15
)
KARM THRIFT STORES, LLC, )   Jury Demanded
)
       Defendant. )

FILED 2015 MAR 30 PM 1 55
CATHERINE F. QUIST
CIRCUIT COURT CLERK

## COMPLAINT

Plaintiff, Evelyn Carlton, in support of her Complaint against Defendant, Karm Thrift Stores, LLC, ("Karm"), avers as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to Tenn. Code Ann. § 16-10-101 for violations of the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-20-401, *et seq.* and the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. § 621, *et seq.*

2. Venue is proper in this Court pursuant to Tenn. Code Ann. §20-4-101(a), because the events giving rise to Plaintiff's claims occurred in this County, and because Defendant resides and does business in this County.

3. Plaintiff timely files this action within 90 days of receiving a Notice of Right-to-Sue issued on December 30, 2014 by the Equal Employment Opportunity Commission ("EEOC").

### Facts

4. Defendant Karm is a Tennessee limited liability company. Defendant may be served with a copy of this complaint and summons through its registered agent, Burt Rosen, 418 N.

Broadway St., Knoxville, TN 37917.

5. Karm is an "employer" within the meaning of the ADEA and the THRA.

6. Plaintiff, Evelyn Carlton, is a 60 year-old female who began working for Karm on July 6, 2009 as a Sales Associate and later promoted to the position of Store Manager.

7. At the time of the events giving rise to this action, Plaintiff was among the highest compensated employees of Karm, a reflection of her qualifications, performance, age, and experience. Further, as a Store Manager, Plaintiff worked on average between 50 and 60 hours per week.

8. For approximately four years preceding the events giving rise to this action, Plaintiff's direct supervisor was Linda Whitehead.

9. Plaintiff managed two different stores while under Ms. Whitehead's supervision, increasing the sales at both locations. Further, Plaintiff received only excellent performance reviews under Ms. Whitehead's supervision.

10. In January 2014, however, Karm restructured its operations, and Plaintiff came under the supervision of Porshia Edmondson, a substantially younger individual.

11. For at least the first month under this new chain-of-command, Ms. Edmondson made no attempt to visit Plaintiff's store, gave no feedback whatsoever, and failed to even introduce herself to Plaintiff. Indeed, Edmondson later admitted that she intentionally avoided coming into the store at first, because "she didn't know how [Plaintiff] would react to [her]," an odd comment Plaintiff did not fully understand.

12. When Ms. Edmondson finally did begin visiting Plaintiff's store, with each visit she seemed to go out of her way to criticize Plaintiff's performance and that of Plaintiff's subordinates. She would also demand that Plaintiff perform tasks differently and inconsistently

from one visit to the next, and in a manner contrary to Karm's written policies. Further, while under Edmondson's supervision, Plaintiff learned that she had been excluded from e-mails and other notifications sent by Edmondson to other store managers.

13. Ms. Edmondson also criticized Plaintiff's subordinates and implied that Plaintiff should begin hiring younger employees, who were more "coachable." Edmondson referred to herself as "the puppet master."

14. On one occasion, Edmondson made a point of asking Plaintiff her age, implying that Plaintiff was too slow and tired to perform her job. Edmondson also told Plaintiff, on more than one occasion, that she thought Plaintiff was not "filled with enough spirit."

15. On two separate occasions, Edmondson asked Plaintiff to reveal the ages of her subordinates. One of these queries came after Plaintiff informed Edmondson that an employee had fallen and hurt her hip. Plaintiff is also aware of at least one occasion when Edmonson asked a subordinate the same question directly.

16. On or about June 13, 2014, Edmondson gave Plaintiff a poor performance evaluation and placed Plaintiff on a 60-day performance improvement plan.

17 Then, on July 7, 2014, however, Edmonson terminated Plaintiff's employment effective immediately on account of an alleged "pattern" of tardiness and opening the store late.

18. This was not the true reason for Plaintiff's termination. As a manager, Plaintiff did not have a set time at which to report to work every day. Moreover, not only did Plaintiff report to work timely every day, in a manner consistent with most other store managers within Karm; time records in Plaintiff's possession actually reveal that Plaintiff regularly reported earlier than several store managers who, upon information and belief, were not disciplined for their excessive tardiness.

3

19. Plaintiff was also replaced by a substantially younger individual, Diane Barnard, who is in her early thirties, and less qualified than Plaintiff. Additionally, time records reveal that prior to being promoted by Edmondson to store manager, Ms. Barnard regularly reported to work late.

### Count I
### Defendant Discharged Plaintiff because of Her Age
### ADEA and THRA Violations

20. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–19 as if set forth fully herein.

21. Plaintiff is over 40 and is a member of a protected class under the ADEA and the THRA.

22. Plaintiff was qualified for the position she held with Defendant.

23. Defendant treated younger employees more favorably and willfully discharged Plaintiff because of her age in violation of the ADEA and the THRA, replacing her with a substantially younger individual with less qualifications.

24. As a direct and proximate result of Defendant's age discrimination, Plaintiff has suffered lost wages and benefits, for which Defendant is now liable.

25. As a direct and proximate result of Defendant's age discrimination, Plaintiff has suffered humiliation, embarrassment, and emotional distress and seeks compensatory damages in an amount to be proven at trial.

26. Plaintiff is entitled to reasonable attorney's fees and costs stemming from Defendant's violation of the ADEA and the THRA.

### Punitive Damages

27. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–26 as if set forth fully herein.

28. Defendant acted with malice or reckless indifference to federal and state protected rights of Plaintiff, entitling Plaintiff to punitive damages.

## Prayer for Relief

WHEREFORE, Plaintiff, Evelyn Carlton, respectfully prays for relief as follows:

1. That process issue and that Defendant be required to answer this Complaint within the time prescribed by the Tennessee Rules of Civil Procedure.

2. That Plaintiff be awarded damages in the amount of wages, salary, employment benefits and other compensation, including, but not limited to back pay and front pay (or reinstatement), plus prejudgment interest; compensatory damages for emotional distress, and punitive damages for Defendant's intentional indifference to Plaintiff's protected rights;

3. That Plaintiff be awarded any actual monetary loss sustained by Plaintiff;

4. That Plaintiff be awarded reasonable attorneys' fees and costs;

5. That Plaintiff be awarded such other legal and equitable relief to which he may be entitled; and

6. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

*[signature]*

Richard Everett Collins (TN Bar # 24368)

COLLINS & DOOLAN, PLLC
422 S. Gay St., Suite 301
Knoxville, TN 37902
(865) 247-0434
richard@collinsdoolan.com

5

## COST BOND

We the undersigned, bind ourselves as security for all costs, taxes and damages in this case in accordance with Tenn. Coe Ann. § 20-12-120.

_____
Richard Everett Collins (TN Bar # 24368)

FILED
2015 MAR 30 PM 1 55
CATHERINE F. QUIST
CIRCUIT COURT CLERK

6